## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**BENJAMIN T. OWENS,**

       **Petitioner,**

**v.**                                 **Case No. 4:16cv467-MW/CAS**

**SECRETARY, DEPARTMENT OF
CORRECTIONS,**

       **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On July 25, 2016, Petitioner Benjamin T. Owens, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On May 11, 2017, Respondent filed an answer, with exhibits. ECF No. 14. On May 26, 2017, Petitioner filed a reply. ECF No. 16.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration of all issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts. For the reasons stated herein, the pleadings and attachments before the Court show Petitioner is not entitled to federal habeas relief, and the § 2254 petition should be denied.

## Background and Procedural History

By amended information filed on July 18, 2011, in the Second Judicial Circuit, Leon County, the State of Florida charged Petitioner with possession or control of a firearm, having been previously been convicted of a felony, a second degree felony contrary to sections 775.087 and 790.23(1)(a), Florida Statutes, in connection with events that occurred on or about March 3, 2010.  Ex. A at 8; *see id.* at 7 (initial information filed September 27, 2010).[1]  Petitioner entered a plea of not guilty and proceeded to trial.  *Id.* at 20.  On June 20, 2011, Petitioner's trial counsel filed a motion to suppress, arguing that the consent to search the house from another occupant was insufficient to enter the room in which Petitioner was staying as an overnight guest, that officers did not comply with Florida's knock and announce statute, and that the independent source doctrine does not apply.  *Id.* at 25-34.  On June 28, 2011, Judge Josefina Tamayo denied the motion to suppress on all grounds.  *Id.* at 37-39.

On June 21, 2011, the state filed a motion to declare Petitioner a habitual violent felony offender (HVFO).  *Id.* at 35.  On July 21, 2011, Petitioner was found guilty by the jury.  *Id.* at 51.  On August 29, 2011,

---

[1] Hereinafter, citations to the state court record. "Ex. –," refer to exhibits submitted with Respondent's answer, ECF No. 14.
Case No. 4:16cv467-MW/CAS

Petitioner was adjudicated guilty and sentenced to a HVFO enhanced term of 30 years' imprisonment.  *Id.* at 55-63.

Petitioner appealed his conviction and sentence to the First District Court of Appeal (DCA) (1D11-4691).  Ex. A at 65.  On October 11, 2012, the First DCA issued a per curiam affirmance without a written opinion.  Ex. H at 1.  Petitioner's request for rehearing en banc was denied.  *Id.* at 2.  On December 14, 2012, the mandate was issued.  *Id.* at 4.

On February 13, 2013, Petitioner filed a motion to vacate judgment and sentence pursuant to Florida Rule of Criminal Procedure 3.850.  Ex. I at 1-11.  Petitioner amended his Rule 3.850 motion, supplementing additional grounds.  *Id.* at 37-42.  The state post-conviction court, Judge Dawn Caloca-Johnson, denied two grounds, and set an evidentiary hearing for the third ground.  *Id.* at 79-83.  After holding an evidentiary hearing, the state post-conviction court, Judge Kevin J. Carroll, denied Petitioner's motion on all grounds by order rendered December 19, 2014.  *Id.* at 104-08.  Petitioner appealed this denial to the First DCA (1D15-0007).  Ex. I at 110-11.  The state post-conviction court's decision was per curiam affirmed without an opinion on September 22, 2015.  Ex. M.  On November 18, 2015, the First DCA issued the mandate.  Ex. O.

As indicated above, Petitioner Owens filed his § 2254 petition in this court on July 25, 2016. ECF No. 1. He raises two grounds, both alleging ineffective assistance of trial counsel, the first involving a plea offer and the second involving the motion to suppress. *Id.* at 5, 14.

## Standard of Review

Pursuant to 28 U.S.C. § 2254, as amended by the Anti–Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody. Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The state court's factual findings are entitled to a presumption of correctness and, to rebut that presumption, the petitioner must show by clear and convincing evidence that the record does not fairly support the state court determinations. *See* 28 U.S.C. § 2254(e)(1). This Court's

review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. 170, 181 (2011). Further, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions" and "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b). To exhaust remedies, the petitioner must have given the state courts an opportunity to address his federal claim. Id.; McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) ("[T]o ensure that state courts have the first opportunity to hear all claims, federal courts have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."). Petitioner must have apprised the state court of the federal constitutional claim, not just the underlying facts of the claim or a "somewhat similar state-law claim." Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998). "[I]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal

habeas relief, unless either the cause and prejudice or the fundamental

miscarriage of justice exception is applicable." Smith v. Jones, 256 F.3d

1135, 1138 (11th Cir. 2001).

For claims of ineffective assistance of counsel, the United States

Supreme Court has adopted a two-part test:

> First, the defendant must show that counsel's performance was
> deficient. This requires showing that counsel made errors so
> serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment. Second,
> the defendant must show that the deficient performance
> prejudiced the defense. This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial,
> a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984).

To demonstrate ineffectiveness, a "defendant must show that

counsel's performance fell below an objective standard of reasonableness."

*Id.* at 688. Counsel is "strongly presumed to have rendered adequate

assistance and made all significant decisions in the exercise of reasonable

professional judgment." Burt v. Titlow, 134 S. Ct. 10, 17 (2013). Federal

courts are to afford "both the state court and the defense attorney the

benefit of the doubt." *Id.* at 13. The reasonableness of counsel's conduct

must be viewed as of the time of counsel's conduct. *See* Maryland v.

Kulbicki, 136 S. Ct. 2, 4 (2015). To demonstrate prejudice, a defendant

"must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u> at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

"The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009) (quoting <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473 (2007)). "And, because the <u>Strickland</u> standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id.* It is a "doubly deferential judicial review that applies to a <u>Strickland</u> claim evaluated under the § 2254(d)(1) standard." *Id.*

## **Ground 1:  IAC – Plea Offer**

Petitioner Owens argues that he is entitled to federal habeas relief because his trial counsel was ineffective for his "failure to properly advise and communicate or convey a favorable plea offer, that still remained open for acceptance . . . [until] one (1) week before trial," and the state post-conviction court's resolution of this claim was contrary to, or an unreasonable application of, clearly established federal law or involved an unreasonable determination of the facts.  ECF No. 1 at 5.  Petitioner notes

that his trial counsel incorrectly advised that he faced only a maximum sentence of fifteen years' imprisonment and that he was not subject to enhancement as a habitual violent felony offender (HVFO). *Id.* at 6. Petitioner states he was unaware he faced up to thirty years with the applicable HVFO enhancement. *Id.* Under this advisement, Petitioner initially rejected the state's plea offer of three-years' imprisonment. *Id.* at 5-7. Petitioner argues that had he been properly informed, he would have accepted the plea deal. *Id.* at 10. Petitioner additionally argues that trial counsel failed to communicate that the plea offer would still "exist[ ] or remain[ ] on the table [until] one week before trial," thus depriving Petitioner of the opportunity to accept the plea deal later on. *Id.* at 6.

Counsel's failure to advise a defendant of his or her exposure to an enhanced sentence under Florida's habitual felony offender sentencing statute during plea negotiations, if true, would amount to deficient performance. Alcorn v. State, 121 So. 3d 419, 424 (Fla. 2013). Counsel has a general "duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Missouri v. Frye, 566 U.S. 134, 145 (2012). Failure to communicate a plea offer, resulting in the lapse of that offer without opportunity for the defendant to consider it, is deficient performance. *Id.*

Case 4:16-cv-00467-MW-CAS   Document 17   Filed 11/30/17   Page 9 of 20

Page **9** of **20**

To demonstrate prejudice where a plea offer has lapsed or been rejected because of counsel's deficient performance, the petitioner must meet a modified, four-part prejudice standard: to establish prejudice the defendant must allege and prove a reasonable probability that (1) he would have accepted plea offer, (2) the prosecutor would not have withdrawn the offer, (3) the court would have accepted the offer, and (4) the conviction or sentence would have been less severe.  <u>Alcorn</u>, 121 So. 3d at 430.

The state post-conviction court noted that an audio recording of the June 3, 2011, docket sounding reflects Petitioner's attorney, Mr. Adam Ruiz, stating to the court that Petitioner's charge was a "non-enhanceable" felony with fifteen-year maximum sentence.  Ex. I at 107, 122.  The state post-conviction court, in denying Petitioner's state post-conviction motion, found that Petitioner was ultimately given accurate information as to the potential maximum sentence and HVFO enhancement, that Petitioner was aware that the three-year offer was still open at the time he received that information, and that Petitioner rejected the offer just the same.  *Id.* at 107.

Petitioner testified at the evidentiary hearing that his trial attorneys, Mr. Nathan Prince and Mr. Ruiz, "never advised" him that he faced a maximum of thirty years.  *Id.* at 132.  Later on, Petitioner stated that he at least could "[n]ot recollect" such advice.  *Id.* at 136.  Mr. Prince testified that

he began employment at Mr. Ruiz's law firm on or about May 25, 2011, and took over Petitioner's case in the months leading up to trial. *Id.* at 148-50. Mr. Prince testified that he discussed exposure to a thirty-year sentence with Petitioner during an hour and a half long video call. *Id.* Mr. Prince testified that this discussion took place after the State filed its HVFO motion. *Id.* at 150. Mr. Prince testified that they discussed the State's three-year offer, in that if Petitioner accepted he would only have eighteen months' incarceration left, when taking into account credit for time served. *Id.* at 149. Petitioner expressed his confidence that he would win, based on two prior successful trials, and reaffirmed his desire to go to trial. *Id.* at 151-52. Mr. Prince testified that they revisited the subject "a bunch of times" and a "couple times" in person at court. *Id.* Petitioner fails to show by clear and convincing evidence that the state court determination is not fairly supported by the record.

Petitioner argues that he is entitled to federal habeas relief because his trial counsel failed to convey that the plea offer remained open until the week before trial, depriving him of the opportunity to accept it later on. ECF No. 1 at 6. In his amended Rule 3.850 motion, Petitioner argued that "Nathan Prince never advised Defendant that such a plea existed a week before trial. . . . Defendant would have taken the advantageous plea if

counsel would have conveyed the plea in a timely manner instead of allowing the plea to expire." Ex. I at 37-39. Petitioner testified that after the motion to suppress was denied, he would have accepted the plea offer had he known it was still available. *Id.* at 133-34. Petitioner testified that at his sentencing hearing he learned for the first time the offer had remained open. *Id.* at 133.

The record refutes this. The prosecutor stated in open court on June 3, 2011, that "[the state will] leave the three year minimum mandatory offer open." Ex. I at 108, 125. The record reflects Petitioner's presence at this hearing. *Id.* at 124. Mr. Prince testified that he reviewed the three-year plea deal immediately after the HVFO motion was filed, that he revisited the point with Petitioner several times thereafter, and that Petitioner still chose to go to trial.[2] Ex. I at 149-52. The prosecutor testified to several conversations with Mr. Prince about the three-year offer, from the motion to suppress hearing and possibly up until the morning of jury selection. *Id.* at 143. The prosecutor testified that Mr. Prince conveyed that Petitioner "declined the offer and he liked his chances at trial." *Id.*

---

[2] The HVFO motion was filed June 21, 2011. The motion to suppress was denied June 28, 2011, leaving over three weeks (24 days) until the jury was sworn in and trial began on July 21, 2011. Ex. C. at 1. Mr. Prince testified that he revisited the subject with Petitioner "a bunch of times" and a "couple times" in person at court. Ex. I at 151-52. The last pre-trial hearing took place on July 14, 2011. *Id.* at 154.

The state post-conviction court found that Petitioner was aware that the three-year offer remained open.  *Id.* at 107.  Petitioner fails to show this determination is unsupported by the record.  Petitioner has failed to show that the state post-conviction court's determination that counsel was *not* deficient was unreasonable.

Regarding prejudice, Petitioner meets the second and fourth prongs articulated in Alcorn.[3]  As to the first prong, Petitioner testified that he would have accepted the three-year offer after the motion to suppress was denied; however, this is undercut by Mr. Prince's testimony that Petitioner remained committed to going to trial during their numerous conversations. Regarding whether Petitioner would have genuinely accepted the plea offer after the trial court denied his motion to suppress, Petitioner fails to meet the third prong—that there was a reasonable probability the court would have accepted the offer.  Petitioner argues that "while no one can predict with any certainty how a judge will rule in any instance or circumstance, it can certainly be inferred that the court would have accepted the plea offer[ ] (especially where the plea offer comes from the

---

[3] The second prong is that the prosecutor would not have withdrawn the offer, and the fourth prong is that the conviction or sentence would have been less severe.  Alcorn, 121 So. 3d at 430.  The prosecutor testified at the evidentiary hearing that the three-year offer remained open until the morning of jury selection.  Ex. I at 142-44.
Case No. 4:16cv467-MW/CAS

lead prosecutor[)]." ECF No. 1 at 10. Petitioner offers no explanation as to why he infers the court would have "certainly" accepted the offer, other than the offer came from "the lead prosecutor."[4] The court is not bound by plea negotiations between the State and defense counsel. Goins v. State, 672 So. 2d 30, 31 (Fla. 1996) ("Even though the plea has been accepted and regardless of whether the judge participated in the negotiations, the judge is never bound to honor the agreement.").

There is no record support of a reasonable probability that the trial court would have accepted a three-year plea deal. The trial court discretionarily chose to impose both the HVFO enhancement and the 30-year maximum sentence. Ex. A at 174-75. The imposition of the Florida habitual offender enhancement at sentencing is within the discretion of the trial court. Grimes v. State, 616 So. 2d 996, 999 (Fla. 1st DCA 1992); Lewis v. State, 900 So. 2d 625, 626 (Fla. 3d DCA 2005) (finding the trial court, when imposing an HVFO sentence, has discretion as to the length of time). The presentence investigation report detailed Petitioner's escalating, 20-year history of violent crime, including attempted murder with a firearm and two counts of armed robbery with a firearm. Ex. A at 173. The

---

[4] The prosecutor in question, Mr. David Marsey, was an assistant state attorney. Ex. I at 139.

Department of Corrections recommended the maximum sentence based on Petitioner's criminal history. *Id.* at 169. Mr. Prince believed that the trial court judge, in the context of an open plea to the court, would have also chosen to "max[ ] him out." Ex. I at 156. Petitioner fails to establish a reasonably probability that the court would have accepted a three-year plea deal, and thus fails to demonstrate prejudice.

Based on the foregoing, Petitioner has not shown the state court's rejection of his claim was either (1) contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court precedent, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(1)-(2). This ground should be denied.

## Ground 2:  IAC – Motion to Dismiss

Petitioner argues that he is entitled to federal habeas relief because his trial counsel was ineffective for failing to argue particularity of the warrant in the motion to suppress, and that the state post-conviction court's resolution of this claim was contrary to, or an unreasonable application of, clearly established federal law or involved an unreasonable determination of the facts. ECF No. 1 at 14. Petitioner's trial counsel filed a motion to suppress, arguing that the consent to search the residence from an

occupant of the house was insufficient to enter the room in which Petitioner was staying as an overnight guest, that officers did not comply with Florida's knock and announce statute, and that the independent source doctrine does not apply.  Ex. A at 32-34.  The trial court denied the motion to suppress on all grounds.  *Id.* at 37-39.  Petitioner contends that because the "items that investigating police sought were a .45 caliber semi-automatic pistol," trial counsel should have additionally argued that the search warrant "contained only the vague and general descrip[tion] of a '[f]irearm, ammunition, [and a] guncase.' "  ECF No. 1 at 14.  Petitioner raised this argument in his state post-conviction motion.  Ex. I at 6-10.  The state court denied relief on this ground stating that "[the] object of the search warrant in Defendant's case was to locate the firearm used in a shooting," and that the description sufficiently described the character of the items sought.  *Id.* at 79-81.  The First DCA affirmed the state post-conviction court's denial.  Ex. M

Petitioner has failed to show that the state post-conviction court's decision was either an unreasonable determination of the facts or in contravention of federal law.  Petitioner failed to demonstrate at the state post-conviction level that his trial counsel was deficient or that he was prejudiced by counsel's failure to raise a particularity argument.  On the

matter of prejudice, Petitioner cannot show a "reasonable probability" that

such an argument would have resulted in a successful motion to suppress,

and therefore a different outcome at trial.  Such an argument would not

have prevailed at the trial level.

In evaluating the particularity requirement,

courts may consider the purpose for which the search warrant
was issued.   If the object of the warrant is to seize specific items
of property, those items must be described in detail. In contrast,
if the object of the warrant is not to obtain specific items of
property, but rather to obtain all property of a certain character,
it is not necessary to describe a particular article of property.  In
such a case, the search warrant may simply define the nature of
the property to be seized.

State v. Eldridge, 814 So. 2d 1138, 1141 (Fla. 1st DCA 2002) (citations

omitted).  "The test [for the validity of a search warrant] is one of practical

accuracy, not technical nicety."  State v. Kingston, 617 So. 2d 414, 415

(Fla. 2d DCA 1993).

The state post-conviction court noted that the purpose of the search

warrant was to locate a firearm connected with a recent shooting, and that

officers had reason to believe the perpetrator resided at 504 Putnam Drive.

Ex. I at 81.  The description of the items sought as a "firearm, ammunition,

[and] guncase" was as detailed as possible and adequately defined the

nature of property to be seized.  Id.  There is little danger that officers could

mistake a firearm for an innocent item, or seize "one thing under a warrant

describing another" as Petitioner contends.  ECF No. 1 at 18.  Petitioner's

argument rests upon the distinction that the specific firearm found with

Petitioner was of a different make than the one actually involved in the

shooting; this has no effect on the search warrant's validity.  Petitioner fails

to demonstrate that this argument would have led to a "reasonable

probability" of a different outcome.

As such, that trial counsel had no valid basis for making such an

argument at the trial level. Counsel cannot be deficient for failing to raise an

argument that has no merit.  Reutter v. Sec'y for Dep't of Corr., 232 F.

App'x 914, 917 (11th Cir. 2007) (unpublished) (noting the Sixth Amendment

does not require counsel to raise every non-frivolous issue and counsel is

not deficient for deciding to "winnow out the weaker arguments"); Branch v.

State, 952 So. 2d 470, 476 (Fla. 2006) (counsel is not deficient for failing to

file a meritless motion to suppress); Zakrzewski v. State, 866 So.2d 688,

694-95 (Fla. 2003) (holding counsel is not ineffective for not filing motion to

suppress when he reasonably believes it would be futile).

Based on the foregoing, Petitioner has not shown the state court's

rejection of his claim was either (1) contrary to, or involved an

unreasonable application of, clearly established U.S. Supreme Court

precedent, or (2) based on an unreasonable determination of the facts in

light of the evidence presented in the state court proceeding. *See* 28

U.S.C. § 2254(d)(1)-(2).  This ground should be denied.

## Conclusion

Petitioner Owens is not entitled to federal habeas relief.  Accordingly,

his § 2254 petition (ECF No. 1) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United

States District Courts provides that "[t]he district court must issue or deny a

certificate of appealability when it enters a final order adverse to the

applicant," and if a certificate is issued "the court must state the specific

issue or issues that satisfy the showing required by 28 U.S.C.

§ 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still

be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a "substantial showing of the denial of a

constitutional right."  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S.

473, 483-84 (2000) (explaining substantial showing) (citation omitted).

Therefore, the Court should deny a certificate of appealability.

Rule 11(a) also provides: "Before entering the final order, the court

may direct the parties to submit arguments on whether a certificate should

issue." The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Petitioner Owens' petition for habeas corpus (ECF No. 1) be **DENIED.**   It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 30, 2017.

**S/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the magistrate judge's findings or**

recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. R. 3-1; 28 U.S.C. § 636.